**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
(973) 644-0770
Attorneys for Plaintiffs, Eugene Temkin, Frank
Anderson, Jeri Schwebs, April Yarborough,
and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EUGENE TEMKIN, an individual;
FRANK ANDERSON, an individual;
JERI SCHWEBS, an individual; APRIL
YARBOROUGH, an individual; on
behalf of themselves and all others
similarly situated,

        Plaintiffs,

    vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, a Delaware
Limited Liability Company; and JOHN
AND JANE DOES NUMBERS 1
THROUGH 25, BEING FICTITIOUS
NAMES OF UNIDENTIFIED
PERSONS WHO CONTROL THE
POLICIES AND PRACTICES
INVOKED BY PORTFOLIO
RECOVERY ASSOCIATES, LLC,

        Defendants.

Civil Action No. _____

**CLASS ACTION COMPLAINT**
**and**
**DEMAND FOR JURY TRIAL**

Plaintiffs, Eugene Temkin, Frank Anderson, Jeri Schwebs, and April Yarborough, on behalf of themselves and all others similarly situated, by way of Complaint against the Defendants, say:

## I. PARTIES

1.     EUGENE TEMKIN ("TEMKIN")is a natural person who, at all times relevant to this complaint, resided in the City of Hackensack, Bergen County, New Jersey.

2.     FRANK ANDERSON ("ANDERSON") is a natural person who, at all times relevant to this complaint, resided in the Village of New Hyde Park, Nassau County, New York.

3.     JERI SCHWEBS ("SCHWEBS") is a natural person who, at all times relevant to this complaint, resided in the City of Orange, Orange County, California.

4.     APRIL YARBOROUGH ("YARBOROUGH ") is a natural person who, at all times relevant to this complaint, resided in the City of Katy, Harris County, Texas.

5.     At all times relevant to this complaint, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. PORTFOLIO maintains its principal business address at 120 Corporate Boulevard, City of Norfolk, Norfolk

pds1307

County, Virginia.

6.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained..

## II.  JURISDICTION & VENUE

7.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because all the Defendants reside in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c) by, in the case of the individual Defendants, maintaining a residence in the State of New Jersey or, in the case of the corporate Defendants, being subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

9.    Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the

Plaintiffs and others. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA"), and the Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392, et seq. ("TDCPA").

10.     Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

11.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those

debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

12.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

13.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

14.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector

is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

15.     The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

16.     The TDCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt.

17.     The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA, TDCPA, and all other common law or statutory regimes. The Plaintiffs,

on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

18.    This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions.  As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19.    This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2)

## IV.  FACTS REGARDING TEMKIN

20.    Sometime prior to March 2008, TEMKIN allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Temkin Obligation").

21.    The alleged Temkin Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

pds1307

22.    TEMKIN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23.    TEMKIN is informed and believes, and on that basis alleges, that sometime prior to March 2008, the creditor of the Temkin Obligation either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to PORTFOLIO for collection.

## V.  FACTS REGARDING ANDERSON

24.    Sometime prior to December 2007, ANDERSON allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Anderson Obligation").

25.    The alleged Anderson Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26.    ANDERSON is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27.    ANDERSON is informed and believes, and on that basis alleges, that sometime prior to December 2007, the creditor of the Anderson Obligation either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to PORTFOLIO for collection.

## VI.  FACTS REGARDING SCHWEBS

28.    Sometime prior to February 2008, SCHWEBS allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Schwebs Obligation").

29.    The alleged Schwebs Obligation is a "debt" as defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(d).

30.    SCHWEBS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

31.    SCHWEBS is, at all times relevant to this complaint, a "person" as defined by Cal. Civ. Code § 1788.2(g).

32.    SCHWEBS is, at all times relevant to this complaint, a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

33.    SCHWEBS is informed and believes, and on that basis alleges, that sometime prior to February 2008, the creditor of the Schwebs Obligation either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to PORTFOLIO for collection.

pds1307

## VII.  FACTS REGARDING YARBOROUGH

34.    Sometime prior to March 2008, YARBOROUGH allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Yarborough Obligation").

35.    The alleged Yarborough Obligation is a "debt" as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

36.    YARBOROUGH is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

37.    YARBOROUGH is informed and believes, and on that basis alleges, that sometime prior to March 2008, the creditor of the Yarborough Obligation either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to PORTFOLIO for collection.

## VIII.  FACTS COMMON TO ALL PLAINTIFFS

38.    PORTFOLIO collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

pds1307

39.     PORTFOLIO is a leading purchaser and servicer of performing and non-performing consumer debt.

40.     PORTFOLIO is a nationwide debt collection company that manages receivables on debts purchased for its own account, and on behalf of other credit grantors.

41.     In connection with its debt servicing operations, PORTFOLIO sometimes outsources collection activities to other collection agencies.

42.     PORTFOLIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6), Cal. Civ. Code § 1788.2(c), and Tex. Fin. Code § 392.001(6).

43.     PORTFOLIO is also a "Third-party debt collector" as defined by Tex. Fin. Code § 392.001(7).

44.     At all times relevant to this complaint, PORTFOLIO has engaged in action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor, which constitutes "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

45.     Within the one year immediately preceding the filing of this complaint, PORTFOLIO contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts (i.e. the Temkin Obligation, Anderson Obligation, Schwebs Obligation, and Yarborough Obligation).

46.   Within the one year immediately preceding the filing of this complaint, each of the Plaintiffs received at least one telephonic voice message on their home answering machines and/or cellular telephones ("Messages").

47.   Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

48.   Each of the Messages was left by persons employed by PORTFOLIO.

49.   Whatever minor variations that may exist, each of the Messages uniformly failed to:

    (a)   Provide meaningful disclosure of PORTFOLIO's identity as the caller;

    (b)   Disclose that the communication was from a debt collector; and

    (c)   Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

50.   Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA, RFDCPA, and TDCPA.

51.   Each of the Messages is false, deceptive, and misleading insofar as PORTFOLIO failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PORTFOLIO is a debt collector, thereby

circumventing Congress's intent to permit the Plaintiffs to make an informed decision as to whether they wished to speak with a debt collector.

52.     Each of the Messages is false, deceptive, and misleading insofar as PORTFOLIO failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PORTFOLIO is a debt collector, thereby circumventing the intent of the California Legislature to permit SCHWEBS to make an informed decision as to whether they wished to speak with a debt collector.

53.     Each of the Messages is false, deceptive, and misleading insofar as PORTFOLIO failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PORTFOLIO is a debt collector, thereby circumventing the intent of the Texas Legislature to permit YARBOROUGH to make an informed decision as to whether they wished to speak with a debt collector.

54.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PORTFOLIO that are the subject of this complaint.

Those Defendants personally control the illegal acts, policies, and practices utilized by PORTFOLIO and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## IX.  POLICIES AND PRACTICES COMPLAINED OF

55.    It is the Defendants' policy and practice to leave "live" telephonic voice messages for consumers and other persons, such as the Messages, that uniformly fail to:

      (a)    Provide meaningful disclosure of PORTFOLIO's identity as the caller;

      (b)    Disclose that the communication is from a debt collector; and

      (c)    Disclose the purpose or nature of the communication.

56.    On information and belief, the Messages, as alleged in this complaint under the facts common to the Plaintiffs, number at least in the thousands, all of which uniformly fail to:

      (a)    Provide meaningful disclosure of PORTFOLIO's identity as the caller;

      (b)    Disclose that the communication is from a debt collector; and

      (c)    Disclose the purpose or nature of the communication.

## X. CLASS ALLEGATIONS

57.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58.     The First Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from PORTFOLIO left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PORTFOLIO as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

59.     The Second Plaintiff Class consists of all persons with addresses in the State of California who received a telephonic voice message from PORTFOLIO left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PORTFOLIO as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

60.     The Third Plaintiff Class consists of all persons with addresses in the State of Texas who received a telephonic voice message from PORTFOLIO left

after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PORTFOLIO as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

61.     The identities of all class members are readily ascertainable from the records of PORTFOLIO and those companies and governmental entities on whose behalf PORTFOLIO attempts to collects debts.

62.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of PORTFOLIO, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

63.     The class period is one year prior to the filing of the initial complaint in this action for all claims under the FDCPA, RFDCPA, and TDCPA and continues up to and including the date of preliminary class certification.

64.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Live Messages and Pre-Recorded Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11); Cal. Civ. Code § 1788.11(b) and 1788.17; and

Tex. Fin. Code §§ 392.304(5)(A), 392.304(5)(B), and 392.304(19).

65.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

66.    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

67.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the classes defined above are so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Live Messages and Pre-Recorded Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11);

Cal. Civ. Code § 1788.11(b) and 1788.17; and Tex. Fin. Code §§ 392.304(5)(A), 392.304(5)(B), and 392.304(19).

(c)    **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

pds1307

individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

68.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)    The questions of law and fact common to members of the class predominate over any questions affecting an individual member; and

(b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69.    Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages.

## XI.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

70.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

71.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of PORTFOLIO's identity as the caller in violation of 15 U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the consumer that PORTFOLIO is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in all oral communications that PORTFOLIO is a debt collector in violation of 15 U.S.C. § 1692e(11).

## XII.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (BY SCHWEBS AGAINST ALL DEFENDANTS)

72.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

73.     PORTFOLIO violated the RFDCPA. PORTFOLIO's violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls to SCHWEBS without providing meaningful disclosure of PORTFOLIO's identity as the caller

pds1307

in violation of Cal. Civ.   Code § 1788.11(b).

(b)     Leaving telephonic voice messages for SCHWEBS in an attempt to collect a debt, wherein the Defendants violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiffs' First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

## XIII.  THIRD CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
## (BY YARBOROUGH AGAINST ALL DEFENDANTS)

74.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

75.     Defendants violated the TDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     The failure to disclose in PORTFOLIO's initial communication with the consumer, when the communication is oral, that FSA is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of Tex. Fin. Code § 392.304(5)(A).

(b)     Failing to disclose in subsequent oral communications that PORTFOLIO is a debt collector in violation of Tex. Fin. Code § 392.304(5)(B).

pds1307

76.     Leaving telephonic voice messages in an attempt to collect a debt, wherein the Defendant violated 15 U.S.C. §§ 1692e, 1692d, and subsections thereof, as set forth above in Plaintiffs' First Cause of Action, which is, therefore, also a violation of Tex. Fin. Code § 392.304(19).

## XIV.  PRAYER FOR RELIEF

77.     WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the putative classes as follows:

**A.      For the FIRST CAUSE OF ACTION:**

(1)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the First Class as previously set forth and defined above;

(2)     An award of the maximum statutory damages for the Plaintiffs and the First Class pursuant to 15 U.S.C. § 1692k(a)(B);

(3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(4)     For such other and further relief as may be just and proper.

**B.      For the SECOND CAUSE OF ACTION:**

(1)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil

Procedure and appointing SCHWEBS and the undersigned counsel to represent the Second Class as previously set forth and defined above;

(2)     An award of the maximum statutory damages for SCHWEBS and the Second Class pursuant to Cal. Civ. Code §1788.30(b);

(3)     An award of attorney's fees, litigation expenses, and costs pursuant Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and common fund doctrine in an amount to be determined at trial; and

(4)     For such other and further relief as may be just and proper.

**C.     For the THIRD CAUSE OF ACTION:**

(1)     An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing YARBOROUGH and the undersigned counsel to represent the Third Class as previously set forth and defined above;

(2)     For injunctive relief for YARBOROUGH and the Second Plaintiff Class, pursuant to Tex Fin. Code § 392.403(a)(1), including enjoining the Defendants from engaging in further violations of Chapter 392 of the Texas Finance Code as complained of herein;

(3)     An award of actual damages pursuant to Tex Fin. Code § 392.403(a)(2) in an amount to be determined at trial;

(4)   Attorney's fees, litigation expenses, and costs pursuant to Tex Fin.

Code  § 392.403(b); and

(5)   For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: October 1, 2008
| */s/ Philip D. Stern* |
| PHILIP D. STERN, ESQ. |

Attorney for Plaintiffs, Eugene Temkin, Frank
Anderson, Jeri Schwebs, April Yarborough, and
all others similarly situated

## XVII.  DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiffs demand a trial by jury against

the Defendants, and each of them, for each cause of action so triable.

**WACKS & HARTMANN, LLC**

Dated: October 1, 2008
| */s/ Philip D. Stern* |
| PHILIP D. STERN, ESQ. |

Attorney for Plaintiffs, Eugene Temkin, Frank
Anderson, Jeri Schwebs, April Yarborough, and
all others similarly situated

pds1307